UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JANE DOE                                        :
    Plaintiff,                           :
                                                :
    v.                                   :  No. 5:20-cv-03089
                                                :
COUNTY OF LEHIGH and                            :
CEDARBROOK SENIOR CARE &                        :
REHAB,                                          :
    Defendants.                          :
_____

**O P I N I O N**
**Motion to Proceed Anonymously, ECF No. 2 -- Denied**

**Joseph F. Leeson, Jr.**                                    **December 11, 2020**
**United States District Judge**

I. **INTRODUCTION**

    The above-captioned matter involves an employment discrimination action in which Plaintiff, a former caregiver at Lehigh County-operated Cedarbrook Senior Care and Rehab, alleges she was subjected to a hostile work environment, discriminated against on the basis of her sex, and eventually discharged in retaliation for her engagement in protected activity under Title VII. *See generally* Compl., ECF No. 1. Along with her Complaint, Plaintiff filed the present Motion to Proceed Anonymously, requesting to use the pseudonym "Jane Done" rather than her true name. *See* Mot., ECF No. 2. The Defendants filed a joint Response in Opposition to the motion. *See* Resp., ECF No 7.

    Because Doe's motion does not provide extraordinary circumstances sufficient to alter the status quo of proceeding in federal court under one's true name, Doe's Motion to Proceed Anonymously is denied.

**II.    BACKGROUND**[1]

Doe was hired by Defendants in 2004 to work as a Therapeutic Recreational Aide.[2] *See* Compl. ¶ 7.  During her employment with Defendants, there was a male resident at the facility who was known to sexually assault female employees.  *See id.* at ¶ 14.  Doe was assaulted on multiple occasions by this resident.  *See id.* at ¶ 16.  On more than one occasion, the resident groped Doe's breast while she worked.  *See id.* at ¶ 17.  A separate incident involved the resident attempting to take Doe's shirt off while she tended to him.  *See id.* at ¶ 18.  Yet another incident involved the resident groping Doe in her pelvic region with his hand.  *See id.* at ¶ 19.  Doe complained about these incidents to numerous nurses and supervisors at the facility.  *See id.* at ¶¶ 20, 27-30.  In addition, other females at the facility experienced sexual assaults and harassment by this resident as well.  *See id.* at ¶¶ 21-25.

On May 17, 2019, Doe spoke with a male co-worker, who was encouraging the resident's lewd conduct, and asked him instead to dissuade the sexual behavior.  *See id.* at ¶ 35.  A few days later, when that same male co-worker brought the resident near Doe's work area, Doe asked the co-worker to take the resident somewhere else.  *See id.* at ¶ 36.  Thereafter, on May 22, 2019, Doe was suspended.  *See id.* at ¶ 38.  Two days later, Doe was terminated.  *See id.* at ¶ 39.

Doe claims that her termination was on account of her sex and in retaliation for her complaints about the resident's sexual misconduct.  *See id.* at ¶ 42.  Accordingly, Doe asserts the following claims for relief:[3]

(1) Harassment/Hostile Work Environment in Violation of Title VII;

(2) Retaliatory Discharge in Violation of Title VII; and

---

[1]    The Background consists of allegations in Doe's Complaint.  *See* Compl.
[2]    Lehigh County operates the Cedarbrook facility at which Doe was employed.
[3]    All three claims are alleged against both Defendants.

(3) Wrongful Discharge/Termination on the Basis of Sex in Violation of Title VII.

Along with her Complaint, Doe filed the present Motion to Proceed Anonymously. *See* Mot. Defendants responded, objecting to Doe's request. *See* Resp.

## III. LEGAL STANDARDS

### A. Review of Law Concerning A Party's Request to Proceed Anonymously

Under the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." FED. R. CIV. P. 10(a). "Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997)). The right of the public to know who is using its courts mandates that parties to litigation be identified. *See Megless*, 654 F.3d at 408. The public's right of knowledge of judicial proceedings, codified in Rule 10(a), is, similar to the public's right of access to judicial proceedings, deeply rooted in common law and predates even the Constitution. *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 434 (3d Cir. 2016); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986).

"A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings." *Megless*, 654 F.3d at 408 (quoting *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000)). However, in exceptional cases, courts have allowed litigants to proceed anonymously, even though there is no such authority in Rule 10(a). *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008) ("We acknowledge

that the use of pseudonyms to conceal a plaintiff's identity has no explicit sanction in the federal rules.  Nonetheless, the Supreme Court has given the practice implicit recognition in two abortion cases, *Roe v. Wade,* 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973), and *Doe v. Bolton,* 410 U.S. 179, 93 S. Ct. 739, 35 L. Ed. 2d 201 (1973).  Although we have yet to address the issue, the decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court."), *order clarified*, 543 F.3d 178 (3d Cir. 2008).

In order to proceed anonymously and deprive the public of its right of knowledge, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  *Megless*, 654 F.3d at 408 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1043 (9th Cir. 2010)).  It is not enough that a plaintiff may suffer embarrassment or economic harm.  *Megless*, 654 F.3d at 408.  In this Circuit, courts' analyses of motions to proceed anonymously examine the following non-exhaustive factors, which weigh in favor of anonymity:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Doe v. Provident Life and Acc. Ins. Co.,* 176 F.R.D. 464, 467-68 (E.D. Pa. 1997); *see Megless*, 654 F.3d at 409.  On the other hand, the following non-exhaustive factors disfavor anonymity:

> [7] the universal level of public interest in access to the identities of litigants; [8] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and [9] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Provident Life*, 176 F.R.D. at 467-68; *see Megless*, 654 F.3d at 409.

Importantly, district courts have an independent duty to determine whether these conditions are satisfied; that is, "whether 'exceptional circumstances' warrant a departure from the normal method of proceeding' in federal litigation." *Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist.*, No. 2:12-CV-1319, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012) (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)).

## III.   DISCUSSION

Of the nine non-exhaustive factors to be considered, two weigh in favor of granting Doe's request to proceed anonymously, four weigh against granting the request, and three are neutrally-weighted.  On balance, the factors tip the scale towards denying Doe's request to proceed anonymously.  Accordingly, the request to proceed anonymously is denied.

### A. Factors Weighing in Favor of Anonymity

There are two factors that weigh in favor of granting the Doe's request for anonymity. Specifically, Doe's motive for requesting anonymity is legitimate (Factor 6), and Doe is not a public figure (Factor 8).  Each factor is discussed below.  Notwithstanding, these two factors are ultimately outweighed by those that balance against anonymity.

#### 1. Doe's Motive is Legitimate (Factor 6)

There is no indication that Doe's motive for requesting anonymity is illegitimate.  Doe's request is not an effort to thwart the usual process of open proceedings in federal court.  Rather, Doe makes this request based on the facts of her case, citing her wish to keep her identity confidential in light of the events she experienced while employed with Defendants.

Although Defendants argue that Doe's claim for anonymity is "disingenuous," *see* Resp. 6, the Court disagrees.  There is nothing in Doe's motion nor any facts in Defendants' response

that indicate Doe filed this request for any improper reason. Therefore, because Doe's motivation is legitimate, this factor weighs in favor of granting her request to proceed anonymously.

### 2. Doe is Not a Public Figure (Factor 8)

Where a plaintiff is a public figure, the public interest in knowing their identity is heightened. *Provident Life*, 176 F.R.D. at 467-68. Here, Doe is not a public figure, and accordingly, the public interest in her proceeding under her true name is not heightened by this factor. Therefore, this factor weighs in favor of granting Doe's request to proceed anonymously.

### B. Factors Weighing Against Anonymity

All told, there are four factors that weigh against granting Doe's motion to proceed anonymously. They are Doe's basis for fear of harm (Factor 2), the fact-dependent nature of Doe's case (Factor 4), the universal interest in knowing the identity of litigants (Factor 7), and finally, Defendant's legitimate opposition to Doe's request (Factor 9). Each factor is discussed in turn below.

### 1. Doe's Basis for Fear of Harm and its Magnitude (Factor 2)

A plaintiff's "fear of social stigmatization, loss of employment opportunity, or loss of educational opportunity are insufficient to support a plaintiff's request for anonymity." *See Doe v. Princeton Univ.*, Civ. A. No. 20-4352 (BRM), 2020 WL 3962268 (D.N.J. July 13, 2020) (citing *Doe v. Rider Univ.*, Civ. A. No. 16-4882 (BRM), 2018 WL 3756950 (D.N.J. Aug. 7, 2018)). Rather, the court must ask whether "disclosure of plaintiff's name would lead to a reasonable fear of severe harm." *See id.*

District Courts within the Third Circuit have found severe harm where the plaintiff is a victim of sexual assault. *See id.* (citing *Doe v. Princeton Univ.*, Civ. A. No. 19-7853 (BRM),

2019 WL 5587327 (D.N.J. Oct. 30, 2019); *Doe v. Trishul Consultancy, LLC*, Civ. A. No. 18-16468 (FLW) (ZNQ), 2019 WL 4750078 (D.N.J. Sept. 30, 2019)).  Notwithstanding, courts do not simply presume severe harm in all cases of sexual assault.  *See Trishul Consultancy*, 2019 WL 4750078, at *4; *see also F.B. v. East Stroudsburg Univ.*, No. 3:09-cv-525, 2009 WL 2003363, at *3 (M.D. Pa. July 7, 2009) (noting that if courts were to find allegations of sexual assault alone sufficient to support anonymity it "would open up the court to requests for anonymity each time a plaintiff makes allegations of sexual harassment.").  Rather, they require a showing of "potential for severe harm that exceeds mere embarrassment . . . ."  *See Trishul Consultancy*, 2019 WL 4750078, at *4 (finding potential for severe harm where Plaintiff alleged she suffered severe anxiety and emotional distress, fearing the assaulter would attack her again); *see also Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (finding requisite harm where plaintiff alleged fear of increased embarrassment, humiliation, and emotional distress that was well-founded).

In her motion, Doe cites a "[p]ossible [r]isk of [h]umiliation or [s]tigma" as the basis of fear.  In support of that basis, Doe relies heavily on *Doe v. Evans*.  Nonetheless, Doe's claimed basis for fear and its magnitude weigh against granting her request to proceed anonymously.

Here, neither Doe's motion nor her Complaint provide the requisite basis of fear of severe harm.  In her motion, Doe cites case law regarding anonymity in sexual assault cases.  *See* Mot. 4-5.  Notwithstanding, the motion does not state the basis for fear of severe harm in *this* case.  In *Trishul Consultancy* and *Evans*, the courts focused on the plaintiff's assertions of potential "increased" harm should the plaintiff be required to proceed under their true name.  *See Evans*, 202 F.R.D. at 176; *see also Trishul Consultancy*, 2019 WL 4750078 at *4 (emphasizing plaintiff's assertion of "increased" harm).

Unlike those cases, Doe's motion does not specify the basis for fear of severe harm from having to proceed under her true name. Rather, the motion's only mention of any harm, which comes in the form of a heading, relates to prior conduct and is not based on concerns about increased harm in the future.[4]  *See, e.g.*, *Trishul Consultancy*, 2019 WL 4750078 at *4 (emphasizing that plaintiff showed well-founded fear of "increased" harm that went beyond "mere embarrassment"); *F.B.*, 2009 WL 2003363, at *3 (noting embarrassment and emotional distress on part of victim, without more, was not enough to tip second factor in favor of plaintiff).

A plaintiff may proceed anonymously only where "exceptional circumstances" justify departure from the usual course of proceeding under one's true name in federal court.  *Freedom from Religion Found.*, 2012 WL 6629643, at *3.  Absent allegations as to *how* any sort of severe harm may manifest, Doe's motion fails to provide such exceptional circumstances.  Therefore, this factor weighs against granting Doe's motion to proceed anonymously.

### 2. Doe's Case is Highly Fact-Dependent (Factor 4)

Where a matter is "purely legal," there is an "atypically weak interest" in the public knowing the identities of the parties.  *See Provident Life*, 176 F.R.D. at 467-68.  Here, however, Doe presents a case that is highly fact-dependent.  *See* Compl.  The issues in Doe's case center entirely on the conduct of the resident who allegedly sexually assaulted her.  *See id.*  Therefore, this factor weighs against Doe's request to proceed anonymously.

---

[4]   The heading of Section IV.C of Doe's motion states "Plaintiff Faces a Possible Risk of Humiliation or Stigma on Account of Being Repeatedly Sexually Assaulted as Alleged In This Case."  *See* Mot. 4.

### 3. Universal Interest in Public Access to Identities of Litigants (Factor 7)

Courts recognize the universal interest in public access to the identities of litigants in federal court. *See Freedom from Religion Found.*, 2012 WL 6629643, at *3. To be sure, proceeding under one's true name is the "normal method" of proceeding in federal litigation. *See id.* Absent extraordinary circumstances, courts weigh this factor heavily against a plaintiff's request to proceed anonymously. *See Princeton Univ.*, 2019 WL 5587327, at *6; *Rider Univ.*, 2018 WL 3756950, at *7.

In this case, there are no extraordinary circumstances that justify shifting the weight of this factor in favor of granting Doe's request. Specifically, the motion fails to set forth any sufficient basis of fear of severe harm, let alone a basis that outweighs the universal interest of the public in open proceedings. Therefore, this factor weighs against Doe's request to proceed anonymously.

### 4. Defendant's Opposition is not Illegitimately Motivated (Factor 9)

Where a defendant's opposition to a plaintiff's request to proceed anonymously is motivated by an illegitimate purpose or ulterior motive, the scale tips towards granting the plaintiff's motion. *See Rider Univ.*, 2018 WL 3756950, at *8. Here, however, there is no indication that the Defendants' opposition to this motion is illegitimately motivated. Alongside appropriate arguments related to the *Provident Life* factors, Defendants argue that there is a legitimate public interest in knowing the identity of a plaintiff who is suing a municipality. *See* Resp. 6. Further, there is no indication that the Defendants have an ulterior or improper motive for opposing anonymity. Because Defendants' opposition is not illegitimately motivated, this factor weighs against Doe's request to proceed anonymously.

### C. Neutrally-Weighed Factors

The three remaining factors balance neither in favor of nor against granting Plaintiff's request to proceed anonymously. Thus, they are weighed neutrally for the purpose of this analysis. Each neutrally-weighed factor is addressed below.

#### 1. Extent to which Doe's Identity is Kept Confidential (Factor 1)

Where a plaintiff takes steps to keep his or her identity confidential, this factor weighs in favor of a plaintiff's request to proceed anonymously. *See, e.g.*, *Princeton Univ.*, 2020 WL 3962268, at *3 . On the other hand, where a plaintiff makes his or her identity known to multiple individuals, this factor can weigh against granting such a request. *See, e.g.*, *Rider Univ.*, 2018 WL 3756950 at *8. In the present case, there are facts that fall on both sides of the scale. As such, this factor is neutrally weighed.

Doe states in her motion that she took steps in her filings with this Court to sanitize them of her identity. Specifically, Doe asserts that her "identity is not disclosed in any of the pleadings, motions, and/or exhibits in this action." *See* Mot. 4. Notwithstanding, Doe's motion does not address her efforts to keep her identity confidential outside of the documents filed with this Court. *See Princeton Univ.*, 2020 WL 3962268, at *3 (finding this factor favored plaintiff where plaintiff limited disclosure to small group of individuals); *F.B.*, 2009 WL 2003363, at *3 (plaintiff's effort to keep matter confidential even from family and friends tipped this factor in favor of plaintiff). Indeed, Doe's Complaint notes multiple individuals outside of her friends and family whom she told about the assaults.[5]

---

[5] Doe alleges she spoke about the incidents with Christine Floreck, a nurse in charge, *see* Compl. ¶ 17; Erin West, Doe's direct supervisor, *see id.*; Dave Wisk, unit manager, *see id.* at ¶ 30; Alice Christman, director of life enrichment, *see id.*; Rosalynn Otto, shop steward for Doe's union, *see id.*; and unnamed charge nurses, *see id.* at ¶ 29. Doe further alleges that she "complained internally about this misconduct multiple times." *See id.* at ¶ 28.

Balancing Doe's efforts to keep her identity confidential in her filings with this Court, the list of co-workers whom Doe told about the incidents, and the lack of allegations regarding her confidentiality efforts with respect to friends, family, and others, this factor does not weigh heavily in favor of or against granting Doe's request to proceed anonymously. Therefore, the Court weighs this factor neutrally.

### 2. Magnitude of Public Interest in Doe's Confidentiality (Factor 3)

Although courts recognize the universal public interest in open proceedings generally, the reviewing court must inquire into whether the public would have an especially strong interest in *this* proceeding specifically. *See Princeton Univ.*, 2019 WL 5587372, at *6. Here, there are factors on both sides of the scale. On one hand, sexual assault cases are unfortunately common. *See Rider Univ.*, 2018 WL 3756950, at *7. Thus, there is no heightened public interest in this particular matter that would result from the subject matter of the case.

Notwithstanding, Doe has named the County of Lehigh as one of the Defendants. The Court finds persuasive Defendants' argument that the public has a strong interest in knowing the identity of those who bring suit against a municipality. *See* Resp. 7. Balancing the named municipal Defendant alongside the unfortunately common nature of sexual assault cases, this factor weighs neither in favor of nor against granting Doe's request. Thus, the Court weighs this factor neutrally.

### 3. Doe's Position on Pursuing Litigation under Her True Name (Factor 5)

Where a plaintiff would be wholly dissuaded from maintaining an action if required to proceed under his or her true name, this factor may weigh in favor of granting a request to proceed anonymously. *Megless*, 654 F.3d at 410; *see also Doe v. Triangle Doughnuts LLC*, No. 19-cv-5275, 2020 WL 3425150, at *6 (E.D. Pa. June 23, 2020) (weighing this factor in favor of

plaintiff where she would not litigate under her true name due to "danger of physical harm"). Notwithstanding, a plaintiff's "stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trial." *See Megless*, 654 F.3d at 410-11.

Here, Doe's motion does not provide a clear pronouncement as to whether she would maintain her action if required to proceed under her true name. Rather, the motion states "Plaintiff *might* drop the lawsuit to avoid disclosure . . . ." *See* Mot. 6 (emphasis added). As additional support, Doe states that others may be dissuaded from bringing actions if required to proceed under their true name. *See id.*

Doe's position on maintaining suit under her true name is unclear. Doe states that she might drop the lawsuit, but she does not unequivocally say she will not proceed if required to do so under her true name. Similarly, the Court is not persuaded that other plaintiffs would be dissuaded from bringing sexual assault suit if required to do so under their true name. *See F.B.*, 2009 WL 2003363, at *3 (stating "vast majority" of sexual assault plaintiffs file suit under their true name). Balancing Doe's unclear position on maintaining suit in her true name and the unlikelihood that other plaintiffs would be dissuaded, this factor weighs neither in favor of nor against granting Doe's request. Thus, this factor weighs neutrally.

## V.     CONCLUSION

Upon balancing all of the factors required by *Provident Life*, a greater number of factors balance against granting Doe's request to proceed anonymously. Namely, Doe does not provide a basis for fear of severe harm, Doe's case is highly fact-dependent, there is a universal interest in knowing the identity of litigants in open court that is not overcome by any extraordinary circumstances, and finally, Defendants' objection to Doe's request is not illegitimately motivated. A plaintiff must make out extraordinary circumstances to circumvent the status quo

of proceeding under one's true name in federal court.  Doe's motion does not make out such extraordinary circumstances.  Therefore, Doe's Motion to Proceed Anonymously is denied.

A separate Order follows.

              BY THE COURT:

              */s/ Joseph F. Leeson, Jr.*_____
              JOSEPH F. LEESON, JR.
              United States District Judge