UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY HILLS | : | |
|     Plaintiff, | : | |
| | : | |
|        v. | : | No. 5:20-cv-03089 |
| | : | |
| COUNTY OF LEHIGH and | : | |
| CEDARBROOK SENIOR CARE AND | : | |
| REHAB, | : | |
|     Defendants. | : | |
| | : | |

**O P I N I O N**
**Partial Motion to Dismiss for Failure to State a Claim, ECF No. 9 – Denied**

**Joseph F. Leeson, Jr.**                                        **February 19, 2021**
**United States District Judge**

## I.  INTRODUCTION

The above-captioned matter involves an employment discrimination action in which

Plaintiff Nancy Hills, a former caregiver at Lehigh County's Cedarbrook Senior Care and Rehab

facility, alleges she was subjected to a hostile work environment, discriminated against on the

basis of her sex, and discharged in retaliation for her engagement in protected activity under Title

VII.  Defendants County of Lehigh and Cedarbrook Senior Care and Rehab filed the present

partial motion to dismiss.  Specifically, Defendants move to dismiss Hills' claim for wrongful

termination and discrimination based on sex, Count III of the Complaint, as duplicative of her

other claims.  Additionally, Defendants move to have Cedarbrook dismissed on the basis that

Cedarbrook is an inappropriate defendant.

Defendants' motion to dismiss is denied in its entirety.   At this early stage of the

litigation, Hills' claim of sex-based discrimination survives a motion to dismiss.  Additionally,

Cedarbrook appears to be an appropriate Defendant in this action, at least at this preliminary stage of the case. Accordingly, the motion is denied in all respects.

## II.      BACKGROUND

Hills was hired by Defendants in 2004 to work as a Therapeutic Recreational Aide. *See* Compl. ¶ 7, ECF No. 1. During her employment with Defendants, there was a male resident at the facility who was known to sexually assault female employees. *See id.* at ¶ 14. Hills was assaulted on multiple occasions by this resident. *See id.* at ¶ 16. Specifically, she states that many times over the course of multiple years beginning in 2017, the resident groped Hills' breast while she worked. *See id.* at ¶ 17. A separate incident involved the resident attempting to take Hills' shirt off while she tended to him. *See id.* at ¶ 18. In yet another incident, on or about March 20, 2019, the resident groped Hills in her pelvic region with his hand. *See id.* at ¶ 19. Hills reported this incident to supervisors the same day. *See id.* at ¶ 20. Following that report, Hills complained about these incidents to numerous nurses and supervisors at the facility.[1] *See id.* at ¶¶ 20, 27-30. In addition, other females at the facility experienced sexual assaults and harassment by this resident as well. *See id.* at ¶¶ 21-25. Hills repeatedly rebuffed the resident's behavior, telling him to stop each time. *See id.* at ¶ 26. When Hills reported the behavior to management, she states that they were already aware of the resident's behavior. *See id.* at ¶ 27.

On May 16, 2019, Hills again experienced harassment when the resident shouted sexual remarks in her vicinity. *See id.* at ¶ 34. On May 17, 2019, Hills spoke with a male co-worker, Angel Rosa, who she states was encouraging the resident's lewd conduct, and asked him instead

---

[1]      Hills alleges that she lodged complaints with "Erin West, Assistant Director of Life Enrichment Services," *see* Compl. ¶ 20, "Dave Wisk, Unit Manager; Christine Floreck, Nurse in charge of [the male resident]; Alice Christman, then Assistant Director of Therapeutic Recreation, and now the Director of Life Enrichment; and Rosalynn Otto, the Shop Steward for Plaintiff's union," *see id.* at ¶ 30.

to dissuade the sexual behavior.  *See id.* at ¶ 35.  On May 20, 2019, when Rosa brought the

resident near Hills' work area, Hills asked Rosa to take the resident somewhere else.  *See id.* at ¶

36.  Thereafter, on May 22, 2019, Hills was suspended.  *See id.* at ¶ 38.  Two days later, Hills

was terminated.  *See id.* at ¶ 39.

Hills claims that her termination was on account of her sex and in retaliation for her

complaints about the resident's sexual misconduct.  *See id.* at ¶ 42.  Accordingly, Hills asserts

the following claims for relief:[2]

(1) Harassment/Hostile Work Environment in Violation of Title VII;

(2) Retaliatory Discharge in Violation of Title VII; and

(3) Wrongful Discharge/Termination Based on Sex in Violation of Title VII.

III.   **LEGAL STANDARDS**

A.      **Review of Motion to Dismiss for Failure to State a Claim**

In rendering a decision on a motion to dismiss, this Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche

Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if

"the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff

stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*

---

[2]      All three claims are alleged against both Defendants.

(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

B.      **The Law Concerning Wrongful Termination/Discrimination Based on Sex**

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability.  *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015).  Disparate treatment claims brought under Title VII are analyzed using the three-step framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Rabinowitz v. AmeriGas Partners, L.P.*, 252 F. App'x 524, 527 (3d Cir. 2007).  At the pleadings stage, "a complaint need not establish a prima facie case in order to survive a motion to dismiss." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016) (establishment of prima facie case is "not a proper measure of whether a complaint fails to state a claim." (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009))).  Rather, a plaintiff need only allege that "'the employer is treating some people less favorably than others' based on a protected classification."  *Byrd v. Elwyn*, No. CV 16-02275, 2016 WL 5661713, at *9 (E.D. Pa. Sept. 30, 2016) (citing *Iadimarco v. Runyon*, 190 F.3d 151, 161 (3d Cir. 1999)).

C.      **Appropriate Defendants in Title VII Matters**

Title VII prohibits certain forms of discrimination by employers.  *See* 42 U.S.C. § 2000e. An employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  *See id.* § 2000e.  Additionally, the Third Circuit has left open the

possibility that, under the appropriate circumstances, a county may act as a "co-employer or joint employer." *See Graves v. Lowery*, 117 F.3d 723, 727 (3d Cir. 1997) (opining that judicial personnel are employees of the courts but may also be co-employed by the county in which the court is situated).

## IV.    DISCUSSION

### A.    Wrongful Termination/Discrimination Based on Sex – Count III

Defendants first move to dismiss Hills' sex-based discrimination claim in Count III, arguing that the claim is duplicative of Hills' other claims. *See* Mot. 4-7, ECF No. 9-2 (ECF Pagination).  Defendants' motion to dismiss Count III is denied.

To survive a motion to dismiss, Hills must at least allege that Defendants treated her less favorably on the basis of her sex. *Byrd*, 2016 WL 5661713, at *9 (citing *Iadimarco*, 190 F.3d at 161).  At this early stage of the litigation, Hills has alleged facts sufficient to survive a motion to dismiss on her sex-based discrimination claim.

Foremost, Hills sufficiently pleads her membership in a protected class. *See* Compl. ¶ 13 ("Plaintiff is female.").  As to her treatment by Defendants, Hills alleges that, as early as March 20, 2019, she reported the harassment that she experienced at the hands of the male resident to supervisors at Cedarbrook. *See id.* at ¶ 20.  On that date in particular, Hills reported the harassment to both the Nurse in Charge as well as the Assistant Director of Life Enrichment Services. *See id.*  Between March 20, 2019 and her eventual termination, Hills reported the harassment to numerous other supervisors, including the Charge Nurse on the floor, Unit Manager, the Assistant Director of Therapeutic Recreation, and the Shop Steward for Hills' union. *See id.* at ¶¶ 29-30.  Despite these reports, Hills endured harassment again on May 16, 2019. *See id.* at ¶ 34.  On May 17, 2019, Hills spoke with Rosa, who was encouraging the

resident's lewd behavior, asking him to instead dissuade it. *See id.* at ¶ 35. Just five days later, Hills was suspended; and two days after that, she was terminated. *See id.* at ¶¶ 38-39.

Despite complaints to at least six supervisors, Hills experienced harassment just days before she was terminated. In her Complaint, Hills alleges that Rosa, the male aide with whom she spoke on May 17, *was not* terminated for his encouragement of the resident's inappropriate conduct. *See id.* at ¶ 75. Conversely, Hills alleges that, because she was female, she *was* terminated for rebuffing the resident's conduct and complaining about it to her supervisors and peers. At this early stage of the litigation, Hills has alleged that she was treated less favorably on the basis of her sex.

Defendants argue that Hills' claim of sex-based discrimination should be dismissed because it is merely duplicative of her claim for retaliation. *See* Mot. 6-7. This Court disagrees. The Third Circuit has stated that rebuffing sexual advances may form the basis for a retaliation claim and may also be the predicate for discrimination based on sex. *See Jensen v. Potter*, 435 F.3d 444, 454 (3d Cir. 2006).

> As an abstract matter, retaliation against a person based on the person's complaint about sexual harassment is not necessarily discrimination based on the person's sex. If the individuals carrying out the harassment would have carried out a similar campaign regardless of the sex of the person making the complaint, the harassment, while actionable as illegal retaliation, would not also be actionable as discrimination based on sex. In reality, however, when a woman who complains about sexual harassment is thereafter subjected to harassment based on that complaint, a claim that the harassment constituted sex discrimination (because a man who made such a complaint would not have been subjected to similar harassment) will almost always present a question that must be presented to the trier of fact.

*See id.*

By this standard, where an employer takes adverse action against an employee who complained of harassment based on that employee's sex, and that employer would not take similar action against an employee of the opposite sex, the employee who suffered the adverse

action may bring claims of both retaliation and sex discrimination.  *See id.*  That is what Hills

alleges here.  She alleges that she was terminated for complaining of the resident's sexual

conduct because she is female, and Rosa was not terminated for encouraging the resident's

sexual behavior because he is male.

Furthermore, at this early stage of the litigation, Hills is permitted to plead multiple

theories of liability based on the same set of facts.  *See* FED. R. CIV. P. 8(d)(2)-(3); *see also, e.g.,*

*TriState HVAC Equipment, LLP v. Big Belly Solar, Inc.*, 836 F. Supp. 2d 274, 289 (E.D. Pa

2011) ("Rule 8(d) allows a plaintiff to plead alternative theories of relief . . . .").  Therefore,

Hills' claim is not insufficient merely because it is predicated upon the same or similar set of

facts as her other claims.

Thus, Defendants' motion to dismiss Count III is denied.

### B.    Cedarbrook as a Proper Defendant

Defendants next move to dismiss Cedarbrook as a Defendant in the matter.  Defendants

assert that Cedarbrook is a facility owned and operated by the County, and they further assert

that Cedarbrook is merely an arm of that municipal body. *See* Mot. 2 n.1, 7.  Thus, they argue,

Hills' claims against Cedarbrook are "subsumed within" her claims against the County.  In

support, Defendants cite case law regarding § 1983 litigation.  *See id.*

Notwithstanding, this is not a § 1983 case; this is a Title VII matter.  The inquiry into a

proper defendant in a Title VII case solely involves whether the putative defendant is an

employer as the term is used within Title VII.  Here, Hills alleges that both Defendants were her

"employer."  *See* Compl. ¶¶ 3-4, 7, 48.  Defendants do not challenge the sufficiency of these

allegations.  Rather, Defendants attempt to introduce evidence not yet of record in this case,

namely the organizational relationship between the County and Cedarbrook.  *See* Mot. 2 n.1.  On

a motion to dismiss, the Court may only consider the four corners of the Complaint and documents appropriately appended thereto.[3]

Based on the allegations in the Complaint, Hills has sufficiently alleged that she was employed by both the County and Cedarbrook, and it is entirely possible that such is the case. *See Graves*, 117 F.3d at 727 (noting possibility of joint employment by courts and County where County exercises requisite degree of control and authority over judicial employee). Therefore, Defendants' motion to dismiss Cedarbrook as a Defendant is denied at this early stage of the case.

## V.       CONCLUSION

Defendants' motion to dismiss is denied in its entirety. At this stage of the litigation, Hills' claim of sex-based discrimination survives a motion to dismiss. Additionally, Hills has alleged sufficient facts that Cedarbrook is an appropriate Defendant in this action, at least at this early stage in the litigation.

A separate Order follows.

                                                      BY THE COURT:


                                                      */s/ Joseph F. Leeson, Jr.*
                                                      JOSEPH F. LEESON, JR.
                                                      United States District Judge

---

[3]       In a similar case, the court rejected a defendant's attempt to introduce evidence at the motion to dismiss stage to refute plaintiff's allegation that the defendant was her employer. *See Gustovich v. St. Clair Hosp., Inc.*, No. 2:07-CV-1670, 2008 WL 1840747, at *1 (W.D. Pa. Apr. 23, 2008). In doing so, the court noted that defendant did not seek conversion of its motion into one for summary judgment, and accordingly, the court was required to take as true plaintiff's allegation that defendant was her employer. *See id.* Here, Defendants have similarly not requested conversion of their motion into one for summary judgment. Accordingly, the Court does not consider the evidence proffered in Defendants' motion regarding the organizational relationship between the County and Cedarbrook, and it takes as true Hills' allegations that both Defendants were her employer.